(C. D. 264)

CASE & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 12, 1939)

*Strauss & Hedges* for the plaintiffs.

*Webster J. Oliver,* Assistant Attorney General (*Charles J. Miville,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: The merchandise, the proper dutiable classification of which is involved in these suits, consists of laces, silks, and other articles imported from Great Britain between January 1, and July 1, 1934. Duty was assessed thereon at the rate of 90 per centum under paragraph 1529 of the Tariff Act of 1930. In addition thereto a so-called countervailing duty was also assessed on certain items of said merchandise under the provisions of section 303 of said act. The plaintiffs make claims for lower rates of duty, but the claim relied upon and urged in their brief filed herein is that the assessment of the so-called countervailing duty was contrary to the treaty with Great Britain of July 3, 1815, by reason of the treaty then in effect with Germany.

The case was submitted for decision upon the official record, without the introduction of any evidence by either party.

Counsel for neither party have cited us to any act of the Secretary of the Treasury where he, under the provisions of said section 303, ascertained and determined, or estimated the net amount of this bounty or grant, and declared the net amount so determined or estimated. However, in the absence of any showing by the plaintiffs that the Secretary of the Treasury failed to comply with the provisions of section 303, we shall assume for the purposes of this case that the provisions of said section were complied with.

In view of the fact that the plaintiffs have offered no evidence to establish that the so-called countervailing duty imposed upon the items of merchandise in this case was not also imposed upon all like or similar articles imported from other countries, the plaintiffs' claim must fail. So far as this record shows the same amount of countervailing duty was assessed upon the importation of like or similar articles of merchandise from all other countries. We are not permitted to substitute assumption for proof. Were we able to find from this record that like or similar merchandise was imported into the United States from Germany or other countries enjoying similar treaty rights with the United States without the payment of this countervailing duty it is quite possible our conclusion would have been different.

In view of the state of the record before us it is unnecessary for us to attempt any construction or interpretation of the treaties involved in connection with said section 303. All the claims of the plaintiffs are therefore overruled. Judgment will be rendered accordingly.