(C. D. 416)

JOHN V. MCALLISTER *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 10, 1941)

*Harper & Harper (Abraham Gottfried* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Charles J. Miville* and *Joseph E. Weil,* special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Los Angeles, brought to recover certain customs duties alleged to have been improperly exacted on a particular automobile and its accessories imported from England in August 1933. Duty was levied thereon at the rate of 33⅓ per centum ad valorem under paragraph 369 (d) of the Tariff Act of 1930 and by virtue of the instructions of the Commissioner of Customs approved by the Secretary of the Treasury, and promulgated in T. D. 45648, 61 Treas. Dec. 971. It is claimed that said merchandise is properly dutiable at but 10 per centum ad valorem under said paragraph 369.

At the hearing, held at Los Angeles on March 18, 1940, the following colloquy took place between counsel for the respective parties:

Mr. GOTTFRIED. I offer to stipulate that the invoice, summary sheet, and consumption entry may be considered in evidence as they are found in the protest jacket.

Mr. WEIL. There is no objection. It is so stipulated.

Mr. GOTTFRIED. Submitted.

Mr. WEIL. Submitted.

Mr. GOTTFRIED. I request 60 days after April 1st for the filing of a brief.

Mr. WEIL. May the Government have 60 days thereafter?

Judge DALLINGER. 60 days from April 1st to the plaintiff for the filing of a brief, and 60 days thereafter to the Government to reply.

No brief was ever filed by counsel for the plaintiff; but a carefully prepared brief was filed by counsel for the Government.

We agree with counsel for the Government that the plaintiff, by not submitting any evidence in support of his claim, has not made out a *prima facie* case and has failed to overcome the presumption of correctness which attaches to the collector's classification of the imported merchandise.

Apparently the plaintiff's claim is based upon that part of the most-favored-nation clause in the treaty of 1815 between the United States and Great Britain (8 Stat. 228) which provides that:

No higher or other duties shall be imposed on the importation into the United States of any articles, the growth, produce, or manufacture, of his Britannic majesty's territories in Europe   *   *   *   than such as are payable on the exportation of the like articles to any other foreign country;   *   *   *.

To prove his claim the plaintiff must first establish as a fact that the duty imposed upon the merchandise at bar is higher than that imposed on similar merchandise from another country than Great Britain. Manifestly the plaintiff has failed to establish this essential fact. So far as this record is concerned, Great Britain might be the only country in the world that exports merchandise similar to that at bar. Or, on the other hand, all countries from which similar merchandise is actually imported may have in their tariff acts a duty equal to or in excess of the duty contained in the tariff act of Great Britain.

Under such circumstances, in the absence of proof to the contrary, we have a right to assume that there certainly would be no discrimination against Great Britain, and hence there could be no violation of an agreement not to grant preferences to other countries if such preferences had never been granted.

If the plaintiff claims that some other country has received a benefit not accorded to Great Britain, he must prove that fact. The mere existence of a statute providing for additional duty to cover cases where the higher rate of duty is imposed on similar merchandise exported from the United States to such country, is certainly no proof that there has been any violation of the most-favored-nation clause. *Minerva Automobiles, Inc.* v. *United States*, T. D. 48560, 70 Treas. Dec. 390; *Case & Co.* v. *United States* (3 Cust. Ct. 310, C. D. 264).

All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.